**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

EMANUEL CULUTUE DOMINGOS,
Petitioner,
v.
JEREMY CASEY, Warden, Imperial Regional Detention Facility,
Respondent.

Case No.: 3:26-cv-01151-BTM-JLB

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE ORDER**

**[ECF NO. 13]**

On March 23, 2026, the Court granted in part Emanuel Culutue Domingos's petition for the writ of habeas corpus. (ECF No. 9 ("Order").) The Court ordered the Government to provide him with an individualized bond hearing before a fair, neutral, and open-minded immigration judge ("IJ"), among other requirements. (*Id.* at 6.) A bond hearing was held for Domingos on April 1, 2026. (ECF No. 13 ("Mot. Enforce"), at 2.) The IJ determined that Domingos was an extreme flight risk and denied bond. (ECF No. 13, Ex. A, at 1.) On May 7, 2026, Domingos moved this Court to enforce its order. He argues that the IJ did not comply with the Court's order because she improperly shifted the evidentiary burden to Domingos, failed to provide an interpreter for the Chokwe language he speaks, and improperly weighed the sponsorship of an asylum shelter. (Mot. Enforce, 1.)

The Court finds that the IJ's failure to obtain a Chokwe interpreter breached the Court's order. In its previous order, the Court stated that "[t]he burden is on the Respondent to provide an interpreter for the Petitioner's immigration proceedings." (Order, 5.) *Cf. Perez-Lastor v. Immigr. & Naturalization Serv.*, 208 F.3d 773, 778 (9th Cir. 2000) ("If an alien does not speak English, deportation proceedings must be translated into a language the alien understands."). The bond determination hearing is an immigration proceeding. Therefore, the Government was required to provide an interpreter so that Domingos could communicate with the parties and the IJ in a language he is fluent in. But the interpreter provided for the hearing spoke Portuguese, a language that Domingos understands in a limited capacity. (ECF No. 13, Ex. B, at 1 ("I do not speak Portuguese well. . . . I don't understand that.").) This "incompetent translation prevented" Domingos "from presenting relevant evidence." *Perez-Lastor*, 208 F.3d at 782. The IJ in turn appeared legitimately frustrated by Domingos's responses to her questions. This issue could have been remedied by having the appropriate interpreter for the hearing.

The Court finds that the IJ did not comply with the Court's order and so abused her discretion. Accordingly, the motion to enforce the Court's order is **GRANTED IN PART**. The Court will hold a bond hearing for Domingos. Once a Chokwe interpreter is secured, the Court will set a hearing date and time. At the bond hearing, the parties must provide information about the sponsor organization Casa Marianella, such as the number of foreign language speakers at the shelter, the likelihood that a Chokwe speaker is present, and the percentage of residents that show up to court hearings or flee without attending. The remedy of release without a bond hearing is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: July 30, 2026

Honorable Barry Ted Moskowitz
United States District Judge